IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00462-KLM

CHERRY CREEK MORTGAGE CO., INC.,

    Plaintiff,

v.

THOMAS R. JARBOE, and
ALVARO C. BARAJAS,

    Defendants.

# ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Thomas R. Jarboe's ("Jarboe") **Motion to Transfer Venue** [#19][1] (the "Motion"). Plaintiff filed a Response [#34] in opposition to the Motion, and Defendant Jarboe filed a Reply [#38]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#19] is **DENIED**.[2]

## I. Background

The well-pled facts of the Complaint [#3] are construed in a light most favorable to Plaintiff. *Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015). Plaintiff Cherry Creek

---

[1] "[#19]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See generally* [#27, #29].

Mortgage Co., Inc., ("Plaintiff" or "CCMC") is a Colorado corporation with its principal place of business in Greenwood Village, Colorado. *Compl.* [#3] ¶ 1. Defendant Jarboe and Defendant Alvaro C. Barajas ("Barajas")[3] are residents of California. *Id.* ¶¶ 2, 4. Plaintiff alleges that on April 18, 2016, the parties entered into a Non-Producing Branch Manager Agreement ("the Agreement") whereby Plaintiff agreed to employ Defendant Jarboe and Defendant Barajas to manage certain loan origination branch offices in California. *Id.* Defendant Jarboe managed twenty-two branches in California, and Defendant Barajas managed one branch in California under the overall supervision of Defendant Jarboe. *Motion* [#19] ¶¶ 18-19. As non-producing branch managers, Defendants' jobs were to solicit, originate, and negotiate residential mortgage loans, and from time to time perform duties assigned by Plaintiff as well as perform various managerial duties as contemplated by the Agreement. *Id.* Plaintiff alleges that Defendants breached the Agreement by failing to compensate it when the loan origination branches accumulated "net losses." *Id.* 2-3.

To recover the losses, Plaintiff filed this lawsuit on January 19, 2018. *Compl.* [#3]. Plaintiff asserts three claims against Defendants. *Id.* ¶¶ 15-33. First, Plaintiff asserts a claim for breach of contract. *Id.* ¶¶ 15-24. Second, Plaintiff asserts a claim for breach of fiduciary duty. *Id.* ¶¶ 25-30. Finally, Plaintiff asserts a claim for unjust enrichment. *Id.* ¶¶ 31-33.

In response to the Complaint [#3], Defendant Jarboe filed the present Motion [#19] seeking transfer to the Central District of California pursuant to 28 U.S.C. § 1404(a). Defendant Jarboe has also filed a separate suit in California regarding his rights as an

---

[3] Defendant Barajas is unopposed to the Motion [#19] but has not explicitly joined in it. *Motion* [#19] at 1-2.

employee under California labor laws. *Motion* [#19] at 2. In the present Motion [#19], Defendant Jarboe asserts that, despite the forum selection clause designating Colorado as a permissive venue for resolving disputes relating to the Agreement, a California court is more convenient and better situated to resolve this dispute and the clause is void and unenforceable. *Id.* at 2-3. The applicable clause states:

> At the option of CCMC, an action may be brought to enforce this Agreement in the District Court in and for the County of Arapahoe, State of Colorado or in any other court in which venue and jurisdiction are proper. Loan Originator hereby irrevocably and unconditionally consents to venue and jurisdiction in the District Court in and for the County of Arapahoe, State of Colorado and in the United States District Court for the District of Colorado, and hereby waives any right or objection that jurisdiction and venue in those Courts is not convenient.

*Motion* [#19] at 5 ¶ 15.

## II. Standard of Review

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 25 U.S.C. § 1404(a). The calculus changes, however, when the parties' contract contains a valid forum selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart Org. v. Ricoh Cor.*, 487 U.S. 22, 31 (1988). The "enforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* at 33. When a § 1404(a) motion seeks transfer to an identified forum in spite of the forum bargained for by the parties, the motion to transfer should not be granted absent "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 52 (2013). "The party defying the forum selection clause bears the burden

-3-

of establishing that transfer . . . is []warranted." *Id.* at 62.

The existence of a forum selection clause requires the Court to limit its transfer analysis. *Id.* at 63. The Court may only consider public-interest factors and not the parties' private interests. *Id.* at 64. "When the parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* "Because those [public-interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

### III.  Analysis

**A.     Forum Selection Clause**

Forum selection clauses are presumptively valid under federal law, and should not be set aside unless the party challenging the clause shows that enforcement would be unreasonable. *M/S Bremem v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972). A forum selection clause is unreasonable if (1) it was incorporated into a contract as a result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of his day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Archer v. Darling*, No. 09-cv-01988-PAB-KMT, 2011 WL 861201, at *2 (D. Colo. Mar. 9, 2011) (citing *M/S Bremen*, 407 U.S. at 12-18).

Defendant Jarboe has not alleged that the forum selection clause was incorporated into the contract as a result of fraud, undue influence, or overweening bargaining power, nor has he alleged that the selected forum is so gravely difficult and inconvenient that he

will for practical purposes be deprived of his day in court.[4]  *Motion* [#19] at 2.  Therefore, the Court need only address whether the enforcement of the clause would contravene the public policy of the forum in which the suit was brought.  "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which the suit is brought, whether declared by statute or by judicial decision."  *M/S Bremen*, 407 U.S. at 15.

Here, Defendant Jarboe argues that the forum selection clause is void because strong California public policy renders the clause unenforceable.  *Motion* [#19] at 9.  While Defendant Jarboe raises some interesting arguments as to the validity of the forum selection clause as it relates to California law, the test for determining the validity of a forum selection clause focuses on the public policy of the forum *in which the suit was brought*.  *M/S Bremen*, 407 U.S. at 15.  This suit was filed in the District of Colorado, and there is no identified conflict between this suit and the public policy of Colorado.  Hence, the Court finds that maintenance of this suit would not contravene the public policy of Colorado.

Because there is no indication of fraud, undue influence, or overweening bargaining power, or that litigating in Colorado would be so gravely difficult, and because enforcement of the clause would not contravene the public policy of the State of Colorado, the Court finds that the forum selection clause is reasonable.  Thus Defendant Jarboe is not excused from performance of the clause, and because the clause is given controlling weight, the burden is on Defendant Jarboe to prove extraordinary circumstances as to why the Motion

---

[4]  While Defendant Jarboe notes that litigating in Colorado would inconvenience his witnesses, he concedes that any inconvenience does not rise to the level of being so gravely difficult as to deprive him of his day in court.  *Motion* [#19] at 15.

[#19] should be granted. *See Atl. Marine U.S.* at 62.

**B.     Venue Transfer**

"When the parties have agreed to a valid forum selection clause . . . only under extraordinary circumstances unrelated to the convenience of the parties" should a § 1404(a) motion be granted. *Id.* When a valid forum selection clause exists, the Court considers only public interest factors and not the parties' private interests. *Id.* at 64. The public interest factors to be considered include: (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies decided at home, and (3) the interest in having the trial of a diversity case in a forum that is at home with the law. *Id.* at 62 n.6. "The party defying the forum selection clause bears the burden of establishing that transfer . . . is []warranted." *Id.* at 62.

The Court begins its analysis with whether there are any administrative difficulties flowing from court congestion. When evaluating the difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, the median time from filing to trial, the pending cases per judge, and the average weighted filings per judge. *REO Sales v. Prudential Ins. Co. of Am.*, 925 F. Supp. 1491, 1495 (D. Colo. 1996). Here, Defendant Jarboe contends that the Central District of California is less congested than the District of Colorado. *Motion* [#19] at 17(citing *Fed. Ct. Mgmt. Statistics*, ADMIN. OFFICE OF THE U.S. CTS., www.uscourts.gov/sites/default/files/data_tables/ fcms_na_distcomparison0930.2017.pdf). The median time from filing to trial is five months less in the Central District of California than in Colorado. *Id.* Plaintiff does not dispute that the Central District of California's docket is less congested. Instead, Plaintiff acknowledges the respective burdens of the court system in both Colorado and California but maintains

that the valid forum selection clause agreed upon by both parties prior to this litigation should prevail in the interests of justice. *Response* [#34] at 14. Moreover, the Court notes that past performance is no guarantor of future performance, as federal court dockets consistently shift. Based on these considerations, the Court finds that Defendant Jarboe has shown that this factor weighs slightly in favor of transfer.

The Court next turns to whether there are local interests in having localized controversies decided at home. Defendant Jarboe argues that this controversy is local to Southern California. *Motion* [#19] at 16. This dispute relates to activities and alleged losses that occurred in Plaintiff's California branches. *Id.* Defendant Jarboe and Defendant Barajas are residents of California and entered into the Agreement from California. *Id.* Their work was performed exclusively in California and witnesses to the "net losses" allegedly suffered by Plaintiff's California branches reside in California. *Id.* However, the Court notes that the controversy is not localized only to California. While Plaintiff is a nationwide corporation, its headquarters is located in Colorado. *Response* [#34] at 1. Because both California and Colorado have a connection to the litigation and have an interest in deciding the controversy, Defendant Jarboe has failed to persuade the Court that there is a local controversy which should necessarily be decided in California. Therefore, this factor weighs against transfer.

Finally, the Court turns to whether there is an interest in having the trial of a diversity case in a forum that is at home with the law. Defendant Jarboe asserts that this factor supports transfer. *Motion* [#19] at 16. In support of this position, Defendant argues that in spite of the Agreement's choice of law provision favoring Colorado, California employment law governs Defendants' rights as employees and Plaintiff's responsibilities

as an employer. *Reply* [#38] at 9. Specifically, Defendant Jarboe argues that Plaintiff's demand to pay back the "net losses" of the California branches directly contravenes California law because Cal. Labor Code § 2802(a)[5] prohibits an employer from requiring an employee to pay for the expenses and losses of the employer's business. *Motion* [#19] at 10. Further, Cal. Labor Code § 2804[6] voids any agreement that purports to restrict a California employee's rights. *Id.* at 17. According to Defendant Jarboe, because the choice of law provisions in the Agreement are unenforceable under California law and because California law controls, a California court is better situated to adjudicate this dispute, and therefore the Central District of California is at home with the law. *Id.*

In support of this argument, Defendant Jarboe cites to *Homewatch International, Inc., v. Pacific Home Care Services, Inc.*, No. 10-cv-03045-REB-KLM, 2011 WL 1660612 (D. Colo. May 2, 2011) ("*Homewatch I*") and *Homewatch International, Inc., v. Pacific Home Care Services, Inc.*, No. 10-cv-03045-REB-KLM, 2011 WL 3652580 (D. Colo. Aug. 18, 2011) ("*Homewatch II*"). In *Homewatch I*, the defendants contracted to operate a franchise offered by the plaintiff, a Colorado corporation, in Glendale, California. Their relationship soured and the plaintiff filed suit in Colorado pursuant to a forum selection clause in the franchise agreement designating Colorado as the appropriate forum. *Homewatch I*, 2011 WL 1660612, at *1. The defendants moved to have the case transferred to California

---

[5] "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Cal. Labor Code § 2802(a).

[6] "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State." Cal. Labor Code § 2804.

because the forum selection clause was assertedly in contravention of California Business and Professional Code § 20040.5.[7] *Id.* The Court found the forum selection clause invalid and transferred the case to California because § 20040.5 demonstrated a strong California public policy against forcing California franchisees to litigate outside the state. *Homewatch I*, 2011 WL 1660612, at 2-3 (concluding that the forum selection clause is void and unenforceable as contrary to the strong and express California public policy embodied in § 20040.5); *Homewatch II*, 2011 WL 3652580, at 2 (transferring the case to the Central District of California).

Here, Defendant Jarboe cites to Cal. Labor Code §§ 2802(a) and 2804 as evidence of a strong California public policy against forcing California employees to litigate outside of the State. However, these statutes do not specifically address forum selection clauses in employment agreements, as did the statute at issue in *Homewatch I*. Rather, they appear to establish affirmative defenses which Defendants may, if appropriate, raise in the present action. Defendant Jarboe also cites Cal. Labor Code § 925,[8] which prevents an employer from requiring an employee who primarily resides in California, as a condition of

---

[7] "A provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus. & Prof. Code § 20040.5.

[8] In relevant part Cal. Labor Code § 925 provides:

(a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following;
    (1) Require the employee to adjudicate outside of California a claim arising in California.
    (2) Deprive the employee of the substantive protections of California law with respect to a controversy arising in California.
(b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

employment, from agreeing to a contract which requires litigating outside of California. *Motion* [#19] at 11. However, unlike the statute in *Homewatch I*, this statute is not binding because it only applies to contracts entered into after January 1, 2017, *i.e.*, after the date when the Agreement at issue here was signed. Moreover, Defendant Jarboe's argument ignores the explicit choice-of-law provision in the Agreement, which states that Colorado law applies to this dispute. *Id.* at 5 ¶ 16. Defendant Jarboe freely entered into the Agreement which expressly states that any and all matters relating to the Agreement shall be governed by the laws of the State of Colorado. *Id.* at 5 ¶ 14. Although the California court may be more "at home with the law" surrounding the presumed affirmative defenses reflected by the statutes Defendant Jarboe cites, the Court notes that the Agreement contains provisions which expressly contradict the policies of both states. In other words, this dispute is about an agreement entered into in Colorado by a Colorado company and California residents containing terms which appear to expressly contradict California law. Under these circumstances, the Court cannot conclude that California's interest in its own law outweighs Colorado's interest in enforcement of voluntary agreements. While California law may have some bearing on this dispute, this is fundamentally a breach of contract case in which contract principles apply. Colorado is "at home with the law" of contracts to the same extent as California. Accordingly, the Court concludes that in these circumstances transfer of venue to the Central District of California is not warranted.

Defendant Jarboe also argues that even if the Court finds the Agreement's choice of law and forum selection provisions valid, Plaintiff's claim nevertheless implicates California law. *Motion* [#19] at 17. Defendant Jarboe asserts that because the Agreement expressly warranted that "neither the execution and delivery of this Agreement nor the

consummation of the transactions contemplated hereby will . . . violate any federal, state or local statute, law or regulation," and because Plaintiff's breach of contract claims directly implicate California law, this factor favors transfer. *Id.* The Court disagrees. The parties consented to the Agreement being construed and enforced in accordance with the laws of the State of Colorado, and Plaintiff is asserting claims under Colorado law. "When the parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. . . .In all but the most unusual cases . . . 'the interest of justice' is served by holding the parties to their bargain." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 66 (2013). Therefore, this factor weighs against transfer.

Accordingly, because the majority of factors weigh against transferring this case to the Central District of California, the Motion [#19] is **denied**.

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#19] is **DENIED**:

Dated: November 29, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge