IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00462-KLM
  Consolidated with Civil Action No. 19-cv-00291-KLM

CHERRY CREEK MORTGAGE CO., INC.,

  Plaintiff,

v.

THOMAS R. JARBOE, and
ALVARO C. BARAJAS,

  Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Thomas R. Jarboe's ("Jarboe") **Motion for Leave to Amend Answer to Complaint** [#64][1] (the "Motion"). Plaintiff filed a Response [#66] in opposition to the Motion, and Plaintiff filed a Reply [#69]. The Motion is thus fully briefed and ripe for resolution. For the reasons set forth below, the Motion [#64] is **GRANTED**.

**I. Background**

Plaintiff Cherry Creek Mortgage Co., Inc. alleges that on April 18, 2016, the parties entered into a Non-Producing Branch Manager Agreement. whereby Plaintiff agreed to employ Defendant Jarboe ("Jarboe") and Defendant Alvaro C. Barajas ("Barajas") to

---

[1] "[#64] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

manage certain loan origination branch offices in California, which eventually accumulated "net losses." *See generally Compl.* [#3]. To recover the losses, Plaintiff filed this lawsuit on January 19, 2018, asserting three claims against Defendants: (1) breach of contract, (2) breach of fiduciary duty, and (3) unjust enrichment. *Id.* ¶¶ 15-33.

On March 1, 2019, this action was consolidated with Civil Action No. 19-cv-00291-RBJ, an action which itself had been transferred in February 2019 to the District of Colorado from the Central District of California. *Minute Order* [#62]. In that action, Defendant Jarboe was the plaintiff, and he had sued Plaintiff Cherry Creek Mortgage Co., Inc. for the following five claims: (1) failure to pay wages pursuant to Cal. Labor Code §§ 204 & 218.5; (2) failure to pay business expenses pursuant to Cal. Labor Code § 2802; (3) declaratory judgment pursuant to 28 U.S.C. § 2201; (4) conversion; and (5) unfair competition. *See* [#64-3] at 2.

On March 1, 2019, the same day the actions were consolidated, the Court extended the deadline for Defendant Jarboe to file an amended answer and counterclaims to March 8, 2019. *Minute Order* [#62]. Defendant Jarboe timely filed the present Motion [#64], in which he seeks leave to amend his answer and add counterclaims. Plaintiff does not oppose amendment to the extent Defendant Jarboe seeks leave to formally add the five claims from the California action as counterclaims here. *Response* [#66] at 1-2. However, Plaintiff opposes Defendant Jarboe's other proposed amendments: (1) an affirmative defense that Plaintiff's claims are barred by applicable Federal Housing Administration ("FHA") and United States Department of Housing and Urban Development ("HUD") regulations, (2) a counterclaim for breach of contract, and (3) a counterclaim for breach of the implied duty of good faith and fair dealing. *Id.* at 2; *Motion* [#64] at 1. Plaintiff opposes

these amendments on the grounds of undue delay and undue prejudice. *Response* [#66] at 7-11. Because Defendant Jarboe's Motion [#64] is timely with respect to the deadline for joinder of parties and amendment of pleadings, *see Minute Order* [#62], the Court proceeds directly to consideration of the arguments pursuant Fed. R. Civ. P. 15(a)(2). *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015).

## II.  Legal Standard

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The purpose of the rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted).

## III.  Analysis

At the outset, it is worth noting that Defendant Jarboe's proposed amendment regarding the affirmative defense, i.e., that Plaintiff's claims are barred by applicable FHA and HUD regulations, is more of a clarification than a new affirmative defense. The original defense broadly states: "Plaintiff's claims are barred in whole or in part by statute and regulation, including, but not limited to applicable California labor laws, federal labor laws, and other state and federal statutes and regulations." *Answer* [#15] at 6. The amended version of this defense more specifically states: "Plaintiff's claims are barred in whole or in

part by statute and regulation, including, but not limited to applicable California labor laws, federal labor laws, United States Department of Housing and Urban Development regulations, Federal Housing Administration regulations, and other state and federal statutes and regulations." *Proposed Am. Answer* [#64-1] at 8. Thus, even were the Court to deny amendment, the original Answer [#15] would still appear to encompass the changes here requested by Defendant Jarboe with respect to the affirmative defense.

## A.      Undue Delay

The Court may deny a motion to amend based solely on undue delay. *Minter*, 451 F.3d at 1205. Delay is "undue" only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party. *Id.* The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* A motion to amend is untimely, if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost cause by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted). Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted). It is well-settled that untimeliness alone is a sufficient reason to deny leave to amend when the party filing the motion has no adequate explanation for the delay. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

Defendant Jarboe premises the delay in seeking amendment with respect to the affirmative defense and the two new counterclaims primarily on a separate federal case still

pending in California. *See generally Motion* [#64]. On April 19, 2018, Defendant Jarboe filed a qui tam False Claims Act ("FCA") case against Plaintiff in the Central District of California (the "FCA Action"). *Id.* at 3. In part therein, Defendant Jarboe has alleged that Plaintiff "falsely certified that it complies with all HUD and FHA requirements." *Id.* Plaintiff asserts that "[t]he FCA action is relevant to the present motion because one requirement for bringing a qui tam false claims act case is that the case must be filed under seal, be kept confidential, and cannot be served on the Defendant (here, Cherry Creek) until the court so orders." *Id.* (citing 31 U.S.C. § 3730). Thus, at the time Defendant Jarboe filed his initial Answer [#15] here on March 23, 2018, he worded the relevant affirmative defense vaguely so as not to violate 31 U.S.C. § 3730 in connection with the then-forthcoming FCA Action filed on April 19, 2018. *Id.* Ultimately, the United States Attorney decided against intervening in the FCA Action. *Motion* [#64] at 3. The court in the FCA Action then ordered the claims unsealed on October 17, 2018. *Decl. of Avanzado* [#70] ¶ 12. However, due to an apparent procedural misstep at the court, the case was not actually unsealed until December 20, 2018. *Id.* ¶¶ 15-18. Plaintiff here (the defendant there) was served with the FCA Action on December 21, 2018. *Motion* [#64] at 3.

Meanwhile, in the present action prior to consolidation, on November 21, 2018, Defendant Jarboe served a first set of written discovery on Plaintiff, in which, in part, Defendant Jarboe "sought details relevant to [his] already-pled affirmative defense that Cherry Creek violated federal regulations and sought specific discovery on Cherry Creek's HUD/FHA violations." *Decl. of Avanzado* [#70] ¶ 14. On November 29, 2018, the Court denied Defendant Jarboe's motion to transfer the case to the Central District of California. *Order* [#59]. On February 1, 2019, Defendant Jarboe's other non-FCA California case was

transferred here and given Civil Action No. 19-cv-00291-RBJ, which was then consolidated with the present action on March 1, 2019. *Decl. of Avanzado* [#70] ¶ 8.

Taken on the whole, the Court finds that, while Defendant Jarboe delayed some in seeking amendment of the one affirmative defense and to add the two counterclaims, he did not *unduly* delay. All three of these related cases (the FCA Action, No. 18-cv-00462-KLM, and No. 19-cv-00291-KLM) were in considerable procedural flux between October 2018 and March 2019, for the variety of reasons discussed above. In short, on November 29, 2018, the Court denied Defendant Jarboe's motion to transfer the case to the Central District of California. On December 20, 2018, the FCA Action was unsealed. On February 1, 2019, Defendant Jarboe's other California action was transferred here. On February 27, 2019, the motion to consolidate cases and amend the Scheduling Order was filed by the parties. On March 1, 2019, that motion was granted, the cases were consolidated, and the deadline for amendment of pleadings and joinder of parties was extended to March 8, 2019. Under this timeline, the Court cannot find that Defendant Jarboe has provided an inadequate explanation for the delay.

Plaintiff asks the Court to find Defendant Jarboe's explanation insincere based on Defendant Jarboe's November 21, 2018 first set of written discovery served on Plaintiff, in which, in part, Defendant Jarboe "sought details relevant to [his] already-pled affirmative defense that Cherry Creek violated federal regulations and sought specific discovery on Cherry Creek's HUD/FHA violations." *Response* [#66] at 9. Plaintiff argues, in essence, that Defendant Jarboe disclosed the contents of the FCA Action a month before the court there actually unsealed the case on December 20, 2018. *Id.* Defendant Jarboe responds that "discovery between the parties in litigation is not a 'public disclosure' and only sought

specific information about Cherry Creek's violations of regulations already alleged in [his] original answer," which had stated: "Plaintiff's claims are barred in whole or in part by statute and regulation, including, but not limited to applicable California labor laws, federal labor laws, and other state and federal statutes and regulations."  *Reply* [#69] at 11; *Answer* [#15] at 6.  Regardless of the merit of Defendant Jarboe's statement about what constitutes a "public disclosure" for purposes of 31 U.S.C. § 3730, the Court finds that Defendant Jarboe has provided an adequate explanation for why he felt he had to wait to formally seek amendment until after the FCA Action was actually unsealed, as opposed to when this discovery was propounded on Plaintiff.

Accordingly, the Court finds that Defendant Jarboe has provided an adequate explanation for any delay in seeking amendment, and therefore the Court finds that the Motion [#69] should not be denied on the basis of undue delay.

**B.     Undue Prejudice**

The Court may deny a motion to amend based on undue prejudice to the nonmoving party.  *See Minter*, 451 F.3d at 1205.  Prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend.  *Id.* at 1207.  Here, Plaintiff does not demonstrate any *undue* prejudice it will experience if Defendant is permitted to amend.  Plaintiff has identified three potential sources of prejudice: (1) "inclusion of . . . issues [revolving around the alleged violations of HUD/FHA violations] will transform the case into a tedious analysis of HUD/FHA regulations that bear no real relationship to the enforceability of the underlying Agreement and whether that contract has been breached by Mr. Jarboe;" (2) "inclusion will unquestionably necessitate the retention of additional experts, deposition of those experts, and any discovery attendant with said experts;" and

(3) "inclusion of these issues will undoubtedly significantly lengthen the trial itself based upon the additional evidence and testimony, likely beyond the dates already permitted by this Court." *Response* [#66] at 10. Plaintiff's arguments may, indeed, demonstrate prejudice. However, Plaintiff has failed to show how this prejudice is *undue*. *See Minter*, 451 F.3d at 1205. For example, discovery limitations and hearing/trial settings may be altered for good cause shown. *See* Fed. R. Civ. P. 16(b). Further, Plaintiff concedes: "Certainly, Mr. Jarboe would ordinarily be entitled to make his case as complicated and lengthy as the Rules and the Court would allow . . . ." *Response* [#66] at 10. However, Plaintiff then circles this concession back around to its delay argument, stating: "but to allow such an expansion after already delaying the case via his assertion in California of claims that were compulsory here, and the unjustified five month delay in asserting these new claims and defenses would be unjust. Had Mr. Jarboe wished to do what his motion proposes, it should have been incumbent upon him to do so as soon as possible—namely, shortly after the Court lifted the seal in October 2018 or, at the very latest, December 2018. To wait until March 2019 is unreasonable." *Id.* at 10-11. The Court has already determined that the delay was not undue, and consideration of the potential prejudice asserted by Plaintiff does not fundamentally alter that analysis. Under these circumstances, the Court cannot find that undue prejudice has been shown. *See e.g.*, *Stanton v. Encompass Indem. Co.*, No. 12-cv-00801-PAB-KLM, 2012 WL 4466555, at *4 (D. Colo. Sept. 27, 2012) (finding undue prejudice where amendment would result in opposing counsel being placed in the position of being a fact witness).

Accordingly, the Court finds that Plaintiff has not shown it would be subject to undue prejudice should amendment be granted, and therefore the Court finds that the Motion

[#69] should not be denied on the basis of undue prejudice.

## IV. Conclusion

For the foregoing reasons, the Court finds that justice would be served by allowing Defendant Jarboe's proposed amendments pursuant to Fed. R. Civ. P. 15(a)(2). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#64] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Defendant and Counterclaim-Plaintiff Thomas R. Jarboe's Amended Answer and Counterclaims [#64-1] for filing as of the date of this Order.

Dated: May 29, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge