IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00462-KLM

CHERRY CREEK MORTGAGE, LLC

    Plaintiff and Counter Defendant,

v.

THOMAS R. JARBOE,

    Defendant and Counter Plaintiff.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Thomas R. Jarboe's ("Jarboe") **Motion for Joinder, Ratification or Other Relief [Fed. R. Civ. P. 17(a)(3)]** [#128][1] (the "Motion"). Plaintiff Cherry Creek Mortgage Company ("Cherry Creek") filed a Response [#135] in opposition to the Motion [#128], and Mr. Jarboe filed a Reply [#139]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. Based on the following, the Motion [#128] is **DENIED without prejudice**.[2]

Cherry Creek is a Colorado corporation with its principle place of business in Greenwood Village, Colorado. *Compl.* [#3] ¶ 1. Mr. Jarboe is a resident of California. *Id.*

---

[1] "[#128]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), on consent of the parties. *See* [#27, #29].

¶ 2. On April 18, 2016, the parties entered into a Non-Producing Branch Manager Agreement (the "Agreement") whereby Cherry Creek agreed to employ Mr. Jarboe to manage twenty-two of its branches in California. *Motion* [#19] ¶¶ 18-19. On gaining employment with Cherry Creek, Mr. Jarboe acquired equipment from his old employer, which he agreed to rent to Cherry Creek for use in their offices. *Answer and Counterclaim* [#72] at 11. Mr. Jarboe owned this equipment through an limited liability company ("LLC") which he controlled called "SMC". *Motion* [#128] at 2. Additionally, prior to his employment, Mr. Jarboe had purchased an office building in Diamond Bar, California (the "Diamond Bar Building") which Cherry Creek rented to run its Diamond Bar Branch. *Answer and Counterclaim* [#72] at 1. The Diamond Bar Building was owned under a different LLC called "DB Prop," which Mr. Jarboe controls with his wife. *Motion* [#128] at 2.

The present Motion [#128] is asserted pursuant to Fed. R. Civ. P. 17(a)(3). *Id.* at 1. Mr. Jarboe "seeks the Court's confirmation that he is the real party in interest or, alternatively, an order that DB Prop and SMC can and should be joined as counterclaim-plaintiffs in this action." *Id.*

Fed. R. Civ. P. 17(a)(1) requires that "an action must be prosecuted in the name of the real party in interest." Further, Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, *after an objection*, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3) (emphasis added). Here, Mr. Jarboe asks the Court to make a preemptory determination that he is the real party in interest with regards to the Diamond Bar Building and his equipment which he

owns as a part of his two LLCs, DB Prop and SMC. *Motion* [#128] at 1. The Court, however, agrees with Cherry Creek's argument that Mr. Jarboe is not entitled to what would essentially equate to an advisory ruling without prior objection from Cherry Creek as Rule 17 requires. *Response* [#135] at 6.

At this stage in the litigation, Cherry Creek has neither argued nor made an objection regarding whether Mr. Jarboe is the "real party in interest" as required by Rule 17(a)(3). In fact, Mr. Jarboe concedes this fact in his Motion. *Motion* [#128] at 2 ("Cherry Creek has never objected that Jarboe was not the 'real party in interest' to assert these claims."). Accordingly, the relief which Mr. Jarboe seeks here is an attempt to avoid dismissal should such an argument arise in the future. *See United States ex. rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1250 (10th Cir. 2017) ("For example, if a wrongful death suit is filed in the decedent's name, but the action should have been filed by the decedent's spouse, Rule 17 permits the spouse to substitute for the decedent. But here, no one contends that Blyn—the original plaintiff—wasn't a real party in interest. And [the defendant] didn't move to dismiss on that basis. Accordingly, we can't retroactively construe [the] substitution as an attempt to avoid dismissal for 'failure to name the real party in interest'—the only situation to which Rule 17 applies."). The only situation to which Rule 17(a)(3) applies is when dismissal is to be avoided after an objection for failure to name the real party in interest is made. *Id.* It is undisputed that that has not occurred here. Indeed, there is no live dispute before the Court concerning whether Mr. Jarboe is the real party in interest.[3] *See, e.g.*, *Jasper Wood Prods., LLC v. Jordan Scrap Metal,*

---

[3] The Court makes no finding on whether Mr. Jarboe is, in fact, the real party in interest here.

*Inc.*, No. 13-0407-WS-C, 2014 WL 3720530, at *6 (S.D. Ala. July 25, 2014) (denying relief under Rule 17(a)(3) because, "[a]t this time, the Court does not have before it a motion to dismiss for failure to prosecute in the name of the real party in interest").  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#128] is **DENIED without prejudice**.

Dated:  August 20, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge