IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00462-KLM

CHERRY CREEK MORTGAGE CO., INC.,

   Plaintiff,
 v.

THOMAS R. JARBOE and
ALVARO C. BARAJAS

   Defendants.

---

THOMAS R. JARBOE,

   Counterclaim-Plaintiff,
 v.

CHERRY CREEK MORTGAGE CO., INC.,

   Counterclaim-Defendant.

---

**DEFENDANT THOMAS R. JARBOE'S UNOPPOSED EMERGENCY MOTION FOR BRIEF TRIAL CONTINUANCE DUE TO LEAD TRIAL COUNSEL'S MEDICAL CONDITION**

---

   Defendant and Counterclaim-Plaintiff and Thomas R. Jarboe ("Jarboe") files this **emergency** motion for a brief trial continuance due to his lead trial counsel's medical condition.

   Pursuant to D.C.COLO.LCivR 7.1(a), Jarboe's undersigned counsel certifies that he spoke with Michael Kieval and Jason McElroy of Weiner Brodsky Kider PC, and Daniel Delaney of Murr Siler & Accomazzo, P.C., counsel for Defendant Cherry Creek Mortgage Co., Inc. ("Cherry Creek"), regarding this emergency motion and the facts underlying this motion by telephone on April 8, 2022. Cherry Creek's counsel informed Jarboe's counsel that Cherry Creek does not oppose this emergency motion.

## BACKGROUND

### A.  Relevant Procedural Facts

1. Cherry Creek filed this action on January 19, 2018 against Jarboe and Barajas in Colorado state court; Jarboe removed the case to this Court on February 23, 2018. [See ECF No. 1 & Exh. 2]

2. On March 21, 2018, Jarboe filed a separate action against Cherry Creek in the Central District of California to vindicate his employment rights, Case No. 18-cv-02305-GW-AJR. [Cal. ECF 1]  The Central District of California case and files were eventually transferred to this Court, *Jarboe v. Cherry Creek Mortgage Co., Inc.*, Case No. 1:19-cv-00291-KLM, before ultimately being consolidated with this action as described below. [ECF 62]

3. Jarboe filed an action under the False Claims Act entitled *United States ex rel. Thomas R. Jarboe v. Cherry Creek Mortgage Co., et al.* in the Central District of California, which was subsequently transferred to this District, Case No. 19-cv-01529-CMA-KLM (the "FCA Case").

4. Cherry Creek and Jarboe each filed motions seeking to consolidate this action with the FCA Case. [*See* ECF 78, 90 & FCA ECF 94]  On December 5, 2019, this Court ordered this case stayed pending the Court's decision in the FCA Case on Jarboe's motion to consolidate. [ECF 96]  The stay in this case lasted for nine and a half months, until September 19, 2020, when this Court issued an order lifting the stay. [ECF 101]

5. Still pending before this Court are the parties' competing motions for summary judgment [*see* ECF 165 & 169] as well as Jarboe's motion for reconsideration of the order partially granting Cherry Creek's motion to dismiss [ECF 188].

6. Pursuant to this Court's order dated July 23, 2021 [ECF 155], the trial in this matter is presently set to commence on May 2, 2022 and, per the below calendar, the parties'

pretrial exchanges, orders and other trial related filings and appearances required by the final pretrial order are due this week and in the days that follow:

| DATE | CASE EVENT |
| --- | --- |
| **April 11, 2022** | **EXCHANGE OF DEPOSITION TESTIMONY**<br>Not later than 21 days prior to trial, counsel shall exchange with each other their designation of anticipated deposition and videotape deposition testimony. Plaintiff's designations shall be highlighted in yellow and Defendant's designations highlighted in blue.<br>[KLM Civil Trial Prac. Stds. § II.3] |
| **April 15, 2022** | **FINAL PRETRIAL ORDER**<br>The Proposed Final Pretrial Order shall be prepared in accordance with the Instructions for Preparation of Final Pretrial Order<br>[July 23, 2021 Order (ECF 155)] |
| **April 15, 2022**<br>(April 17, 2022) | **PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**<br>Proposed jury instructions must be filed five (5) days in advance of the jury instructions conference. Proposed jury instructions must be in WordPerfect or Word format and include citations of relevant authority in footnotes.<br>[KLM Civil Trial Prac. Stds. § I.4] |
| **April 18, 2022** | **TECHNOLOGY REQUESTS**<br>Any request for technology training or testing should be directed to the courtroom deputy at 303-335-2104 no later than 14 days prior to the first day of trial.<br>[KLM Civil Trial Prac. Stds. § II.7] |
| **April 19, 2022** | **OBJECTIONS TO EXHIBITS AND WITNESSES**<br>Except objections to anticipated deposition testimony, the parties must file all objections to exhibits and witnesses three (3) days before the FPTC/TPC.<br>[KLM Civil Trial Prac. Stds. § II.2] |

| DATE | CASE EVENT |
|---|---|
| **April 22, 2022**<br>**1:30 p.m.** | **FINAL PRETRIAL CONFERENCE**<br>**JURY INSTRUCTIONS CONFERENCE**<br>**TRIAL PREPARATION CONFERENCE**<br>Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver Colorado<br>[July 23, 2021 Order (ECF 155)] |
| **April 22, 2022** | **TRIAL BRIEFS**<br>The parties *may* file Trial Briefs ten (10) days before trial.<br>[KLM Civil Trial Prac. Stds. § II.4] |
| | **OBJECTIONS TO DEPOSITION TESTIMONY**<br>No later than ten (10) days prior to trial, counsel shall notify opposing counsel of any counter-designated deposition testimony, exchange objections to all designated testimony, and make a good-faith attempt to resolve such objections.<br>[KLM Civil Trial Prac. Stds. § II.3] |
| **April 29, 2022**<br><br>[KLM Civil Trial Prac. Stds. § II.9] | **EXHIBIT NOTEBOOKS**<br>• Each party must prepare one exhibit notebook containing *original* exhibits, properly marked and tabbed, with pages of each exhibit numbered, for the witness.<br>• In addition, each party must prepare two exhibit notebooks containing *copies* of exhibits, properly marked and tabbed, with pages of each exhibit numbered. One copy is for the Court, and one copy is for opposing counsel.<br>• In jury trials, a party must provide notebooks containing *copies* of exhibits for each juror *only* if both sides agree that jurors shall be provided with them. Pages of each exhibit must be numbered. Stipulated exhibits may be placed in the jurors' notebooks prior to trial. Any other exhibit may be published to the jury for placement in juror notebooks following the exhibit's admission into evidence at trial.<br>• The witness's exhibit notebook and the Court's exhibit notebook must be delivered to the courtroom no later than the Friday prior to the commencement of trial. The exhibit notebook for opposing counsel must be delivered to opposing counsel no later than the Friday prior to the commencement of trial. Juror notebooks, if necessary, must be delivered to the courtroom no later than the Friday prior to the commencement of trial. |

| DATE | CASE EVENT |
|---|---|
| **April 29, 2022** | **WITNESS LISTS**<br>Three copies of each party's witness list must be provided to the courtroom deputy and one copy to opposing counsel no later than the Friday prior to the commencement of trial.<br>[KLM Civil Trial Prac. Stds. § II.10] |
| | **EXHIBIT LISTS**<br>Three copies of each party's exhibit list must be provided to the courtroom deputy and one copy to opposing counsel no later than the Friday prior to the commencement of trial.<br>[KLM Civil Trial Prac. Stds. § II.11] |
| May 2-6, 2022<br>9:00 a.m. | **TRIAL**<br>Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver Colorado<br>[July 23, 2021 Order (ECF 155)] |
| FIRST DAY OF TRIAL | **Discs (electronic exhibits).** If a party is presenting documentary exhibits electronically, the party must prepare a disc or discs containing copies of all exhibits for use at trial. Copies of the disc or discs must be provided to the courtroom deputy and opposing counsel. Prior to closing arguments (if possible), the party must prepare a disc containing only those exhibits admitted into evidence for jurors' use during deliberations. |
| | **List of stipulated facts.** Plaintiff must provide an original list of any stipulated facts to the court and two copies to the courtroom deputy. |

B.   <u>Emergency Medical Situation for Jarboe's Lead Trial Counsel</u>

7. Jarboe's lead trial counsel, Melvin N.A. Avanzado, who is primarily responsible for Jarboe's pretrial preparation as well taking the lead in the presentation of evidence and arguments at the upcoming trial, is suffering through a medical emergency, the seriousness of which he only discovered on April 7, as detailed in his concurrently filed declaration.

[Avanzado Decl. ¶¶ 2-4][1]  This medical emergency requires Jarboe's lead counsel to undergo a serious medical procedure on April 13.  [Avanzado Decl. ¶ 3]

8.      This will also sideline Jarboe's lead counsel from preparing final pretrial documents and preparations for trial and likely for the final pretrial conference.  His absence from final pretrial preparations and trial work will prejudice Jarboe since he has been his lead counsel from day one.  [*Id.*]

## THIS COURT SHOULD GRANT AN EMERGENCY CONTINUANCE IN THE TRIAL DATE AND RELATED PRETRIAL DEADLINES

Jarboe acknowledges that his requested continuance rests in the sound discretion of the district court.  *See United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 1214 (2020).  Courts consider four factors in this Circuit: (1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial. *Id*. (citing *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018)). "The final factor is the most important." *Id*. (quoting *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012)).

This Circuit reviews a district court's decision to deny a continuance for abuse of discretion and will not reverse unless "the denial was arbitrary or unreasonable and materially prejudiced the appellant."  *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987) (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.1985)).  The determination whether "the denial of a continuance constitutes an abuse of discretion turns largely upon the circumstances of the individual case." *Id.*; *see also Laratta v. McCormac*, No. 09-CV-01832-

---

1.      Because of medical privacy issues, Jarboe will not repeat the specific medical conditions and procedures detailed in his counsel's declaration, which he files under a level 1 restriction pursuant to D.C.COLO.LCivR 7.2.

REB-MEH, 2010 WL 3341287, at *3 (D. Colo. Aug. 24, 2010) (trial continuance granted in light of potential adjudication of lawsuit on summary judgment).

Jarboe sought this continuance, and conferred with Cherry Creek's counsel, within 24 hours of his counsel's medical diagnosis. There has been no delay in the request, and therefore Jarboe has been diligent. More importantly, the need for the continuance – lead counsel's medical emergency – and resulting harm from the denial of this brief continuance is undeniable. Jarboe's lead counsel is critical to Jarboe's case. A brief continuance will not significantly affect this case, and will not prejudice Cherry Creek. Indeed, this case was already subjected to an over 9 month stay through no fault of the parties. [*See* ECF 96 & 101]

Under the foregoing Tenth Circuit authorities, therefore, this Court should grant Jarboe's emergency motion for a brief, three month continuance in the trial date and related pretrial deadlines.

## CONCLUSION

For all the foregoing reasons, therefore, Defendant and Counterclaim-Plaintiff Thomas R. Jarboe respectfully requests at least a three month trial continuance from May 2, 2022 in order to permit his lead counsel to recover from a serious medical emergency.

DATED: April 11, 2022                    Respectfully submitted,

/s/ *Melvin N.A. Avanzado*
Melvin N.A. Avanzado
The Avanzado Law Firm, APLC
The Walnut Plaza
215 North Marengo Avenue, Third Floor
Pasadena, California 91101
Telephone 310.552.9300
mel@avanzadolaw.com

Paul Francis Kirsch
Mark T. Jansen
Kirsch & Jansen, LLP
2041 Bancroft Way | Suite 206
Berkeley, California 94704
Telephone 510.390.8900
paul@kirschjansenlaw.com
mark@kirschjansenlaw.com

*Attorneys for Defendant and Counterclaim-Plaintiff Thomas R. Jarboe*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, the document entitled

**DEFENDANT THOMAS R. JARBOE'S UNOPPOSED EMERGENCY MOTION FOR BRIEF TRIAL CONTINUANCE DUE TO LEAD TRIAL COUNSEL'S MEDICAL CONDITION**

was filed and served on the parties through their counsel below through the Court's CM/ECF system:

| | |
|---|---|
| Daniel R. Delaney<br>G. Stephen Caravajal<br>Murr Siler & Accomazzo, P.C.<br>410 Seventeenth Street, Suite 2400<br>Denver, Colorado  80202<br>Phone: 303.534.2277<br>ddelaney@msa.legal<br>scaravajal@msa.legal<br><br>. | Mitchel H. Kider<br>Michael Y. Kieval<br>Jason W. McElroy<br>Weiner Brodsky Kider PC<br>1300 19th Street NW, Fifth Floor<br>Washington, DC 20036<br>Telephone: 202.628.2000<br>kider@thewbkfirm.com<br>kieval@thewbkfirm.com<br>mcelroy@thewbkfirm.com |
| *Attorneys for Plaintiff Cherry Creek Mortgage Co., Inc.* ||

/s/ *Melvin N.A. Avanzado*